### THE STATE v. NAPIER, APPELLANT.

**Criminal Law**: STATEMENTS BY THE ACCUSED BEFORE TRIAL. When the State has made proof of statements of the accused, some of which are unfavorable and others favorable to himself, it is error for the court to withdraw the latter absolutely from the consideration of the jury by instructing them that nothing said by him can be used as competent evidence in his own favor.

*Appeal from Douglass Circuit Court.*—HON. J. R. WOODSIDE, Judge.

*Davis, Cabell & Monks* for appellant.

The court should have instructed the jury to take all the statements and declarations of the defendant together, and give them such weight as they were entitled to. *Bower v. State*, 5 Mo. 364.

*J. L. Smith*, Attorney General, for the State.

HENRY, J.—The defendant was indicted for grand larceny, charged with having stolen eight head of sheep, the property of James H. Martin. At the close of the evidence the court gave for the State eight instructions, to the first, fourth and ninth of which defendant objected. As there were only eight given, we cannot tell which one defendant intended to object to under the designation of number nine. It could not have been number eight, for

that is identical with number nine asked for by defendant and given by the court. For defendant the court gave seven and refused two, viz., numbers one and two.

Number one, as given for the State and objected to, is as follows: "The court instructs the jury that if they find from the evidence that the defendant, S. D. Napier, within three years next before the finding of this indictment, did unlawfully and feloniously, steal, take and carry away one sheep, or any number of sheep, the same being the property of J. H. Martin, as charged in the indictment, they will find the defendant guilty, and assess his punishment at a term of imprisonment in the penitentiary not less than two nor more than five years." We discover no error in this instruction. Defendant's counsel certainly does not mean to contend that it is error, because it instructs the jury, that although they might not find that he had stolen eight sheep, they should convict the defendant if they were satisfied that he had stolen a less number.

The fourth was as follows: "The court instructs the jury that anything defendant has said, or any statement made when not under duress or restraint, but said voluntarily, may be taken as competent evidence against him; but nothing said by him can be used as competent evidence in his favor." The prosecuting witness in his testimony in chief for the State, testified as follows: "Napier told me he bought them (the sheep) from a mover and paid eight dollars for them. He said the man was moving from Howell Co., Mo., to Kansas. Napier told me he had changed the marks to his own mark, and had taken the bell off of the sheep it was on and put it on another."

Fannie McGowan for the State, on her examination in chief, said, "Some time in September Napier came to my father's house and inquired for strayed sheep. He described them, and said there were several with horns, and the bell sheep was a ewe with large horns that stood out from the head. He said he lost eleven sheep. I told him there had been stray sheep at our place, but that they were gone over

about Dobey or Wigginton's. I told him the sheep I had seen at our place did not answer the description he gave. He said he would go and look at them. He went and was gone about three-quarters of an hour, when he returned, and said he had found his sheep and brought them with him: that they knew his little dog and came up and smelled of him. The sheep in controversy are the same sheep that were at our house." She afterwards stated she could not swear positively that they were the same. It will be seen that portions of the statement of the accused testified to by these witnesses for the State, were favorable to him, and on no principle of law could such portions be excluded from the consideration of the jury. The State could not call for the statement of the accused, and then have those portions which were favorable to him absolutely withdrawn from the consideration of the jury, leaving with them only what made against him. They were not told that they might believe that portion which was against him and disbelieve the balance, leaving it to them to determine for themselves; but the court without any qualification, declares that so much of the statement as was favorable to the accused, was to be absolutely disregarded. Such is not the law. There was no error in the giving or refusing of the other instructions, and it is unnecessary to notice the other errors assigned by appellant. Judgment reversed and cause remanded. All concur.

REVERSED.